### O'CONNER v. THE AUDITOR.

DONATED LANDS.—Lands were donated to W. C. afterward applied to the Auditor to purchase the same, tendering the taxes, penalty and costs due thereon; and also offered to return the donation deed, with the written statement of W. that he could not comply with its conditions, and that he relinquished to the State all his rights in favor of C. Held: That the Auditor could not accept a return of the deed and cancel the entry.

PETITION FOR MANDAMUS.

*James H. O'Conor*, for Petitioner.
*Montgomery, Attorney General*, for Respondent.

GREGG, J.—The petitioner applied to the Auditor of the State to purchase the west half of the northwest of section twenty, township three south, range three east, as forfeited lands, and tendered the amount of taxes, penalty and costs due the State thereon.

The Auditor refused to sell, because the lands had been granted to J. L. Waterhouse as a donation, and by the Auditor, under *Chapter* 101 *of Gould's Digest*, deeded to him; but the petitioner offered to return that deed, with a written statement from Waterhouse that he had not, and could not comply with its conditions, by paying for the improvements which were on the lands, and that he relinquished to the State all his rights in favor of the petitioner.

Upon this, the Auditor refused to cancel the deed, or sell and convey the lands to the petitioner, and to compel him to make such sale and conveyance is the object of this petition.

The chapter referred to provides for donation of certain State lands to citizens upon condition of settlement, etc. *Section* 19 provides that if any individual obtains a donation to a tract of improved lands, such person shall, within three months, pay to the owner of such improvements double the value thereof, and if he fails so to do, he forfeits his donation, and the owner of the improvements may purchase the lands, including his improvements, by paying all arrearages of taxes, etc.

*Section* 17 provides that donated lands shall not be exempt from taxes. *Section* 25 provides for the collection of taxes on such lands, and *Section* 26 makes them subject to the same penalties, forfeitures, etc., as other taxable lands.

These are the only methods pointed out by law for divesting the donee of title if he fails to comply with the conditions of his purchase, or to meet the accruing taxes.

The Auditor is not authorized to transact all manner of business for the State at discretion, but, like other State officers, he is empowered to do certain acts for and in the name of the State, but he is of the class of peculiar special agents who can exercise no authority except what is evidently embraced within the lawful grant.

Then, without authority of law, he could not accept a return of the deed and cancel the entry, nor could he do so

upon any written acknowledgment that the donee had forfeited his entry.

The owner of the improvements, upon filing the proper proofs, might be allowed to purchase the land by paying all taxes, etc., but if no such application is made, the lands must go upon the tax books, and take such course as other individual lands.

Therefore, without discussing the question of jurisdiction, we hold that the petitioner is not entitled to mandamus, and his petition is dismissed with costs.